UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK J. FULLER,

          Plaintiff,

    v.

COUNTY OF KITSAP; Deputy MATTHEW HILL; and JANE DOE HILL,

          Defendants.

CASE NO. C16-5407 BHS

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on the motion to dismiss of Defendants Kitsap County ("County") and Jane Doe Hill ("Mrs. Hill"). Dkt. 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. BACKGROUND**

On May 26, 2016, Plaintiff filed his complaint naming the County, Matthew Hill ("Mr. Hill"), and Mrs. Hill as defendants. Dkt. 1. Plaintiff brings claims for excessive force, assault, and battery arising from an arrest performed by Mr. Hill in his capacity as a Kitsap County Deputy Sherriff. Dkt. 1 at 4–7.

On July 18, 2016, Mr. Hill filed an answer. Dkt. 12. The same day, the County and Mrs. Hill filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 13. On August 4, 2016, Plaintiff responded. Dkt. 14. On August 12, 2016, the County and Mrs. Hill replied. Dkt. 15.

## II. DISCUSSION

**A.    Potential *Monell* Claim Against the County**

The County moves to dismiss any claims against it under 42 U.S.C. § 1983. But Plaintiff has not attempted to bring a cause of action against the County under 42 U.S.C. § 1983. Regarding Plaintiff's cause of action under 42 U.S.C. § 1983, the complaint plainly states, "[a]s a result of the acts of *defendant Deputy Matthew Hill*, plaintiff Frank Fuller has suffered, and continues to suffer, [damages] and plaintiff is entitled to relief under 42 U.S.C. § 1983 . . . ." Dkt. 1 at 6 ¶ 2.24 (emphasis added). The only cause of action Plaintiff has attempted to bring against the County arises in a theory of vicarious liability under Washington state law for assault and battery, where he alleges that "[a]s a result of the acts of the *defendants*, plaintiff Frank Fuller has suffered, and continues to suffer, [damages] and is entitled to compensation . . . ." Dkt. 1 at 7 ¶ 3.5 (emphasis added).

While his complaint was already clear, Plaintiff further clarifies his intent when he states in his reply:

> Suit was filed on a Federal law theory under 42 U.S.C. § 1983 only against Hill.
> Suit was filed on a State law theory of Assault and Battery against Hill, against his spouse Jane Doe Hill . . . and against his employer, Kitsap County on a principle/agent [sic] theory.

Dkt. 14 at 2. The County argues that dismissal should nonetheless be granted because Plaintiff "concedes that his §1983 claim is only asserted against Deputy Hill at this time." Dkt. 15 at 2.

The Court will not dismiss a cause of action that has not been brought by Plaintiff. Plaintiff has properly drafted his complaint to exclude any claim under 42 U.S.C. § 1983 against the County when "at this juncture, there was not enough information about the County's responsibility . . . to prove that Hill was enforcing a custom or policy of the County for purposes of liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)." Dkt. 14 at 3. If Plaintiff later obtains information supporting a claim under *Monell*, the Court will consider issues related to such a cause of action once they are properly raised pursuant to Fed. R. Civ. P. 15.

**B.     Claims Against Marital Property**

Mrs. Hill moves for dismissal on the grounds that neither she nor the marital community of her and her husband can be liable for the separate tortious acts of Mr. Hill. In Washington State, a marital community is liable for the torts of a spouse where the tortious act either "(1) results or is intended to result in a benefit to the community or (2) is committed in the prosecution of the business of the community." *Clayton v. Wilson*, 168 Wn.2d 57, 63 (2010) (quoting *LaFramboise v. Schmidt*, 42 Wn.2d 198, 200 (1953)). Where a lawsuit names a non-tortfeasor spouse in an action without any allegations of personal involvement, the non-tortfeasor spouse cannot be liable as an individual. *Douglas Nw., Inc. v. Bill O'Brien & Sons Constr., Inc.*, 64 Wn.App. 661, 689 (1992). Nonetheless, the entry of judgment will still run against the marital community. *Id*.

Under such an analysis, a tort committed in a public officer's official capacity will create liability in the officer's marital community. *Kilcup v. McManus*, 64 Wn.2d 771, 781 (1964) ("The community should be and is liable for wrong inflicted by the husband in the execution of his public office or employment occurring through his ignorance, carelessness or mistaken ideas of his official powers and duties.").

The procedure of naming a non-tortfeasor spouse in a complaint is allowed for the purpose of creating liability in the marital community. *See Alexander v. Sanford*, 181 Wn. App. 135, 183 (2014). Such a practice is even encouraged. *See* 14 Wash. Prac., Civil Procedure § 11:19 (2d ed.) ("To be cautious, and to avoid any question about whether the action is intended to be against the community, most plaintiff's attorneys will simply name both spouses as defendants from the outset, in all cases against married persons. If one spouse's name is unknown, he or she can be designated John Doe or Jane Doe.").

The alleged tortious conduct of Mr. Hill was committed in the course of his employment as a public officer. Dkt. 1 at 3–6. His marital community is liable for such actions. *deElche v. Jacobsen*, 95 Wn.2d 237, 245–46 (1980); *Kilcup*, 64 Wn.2d at 782 ("That [defendant] . . . exercised his powers as a [public official] negligently, or in excess of his authority, or maliciously, does not relieve his community of liability as long as he was acting under the color or purported authority of his office."). Plaintiff has appropriately named Mrs. Hill as a defendant to ensure that liability, if proven, is imposed on Mr. Hill's marital community. The Court denies Mrs. Hill's motion.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss is **DENIED**.

Dated this 23rd day of August, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge