UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK J. FULLER,<br><br>      Plaintiff,<br><br> v.<br><br>KITSAP COUNTY, et al.,<br><br>      Defendants. | CASE NO. C16-5407 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY |

This matter comes before the Court on Defendants' motion to exclude the testimony of Plaintiff's expert witness Leo Poort ("Poort"). Dkt. 48. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

On May 8, 2017, Plaintiff filed his expert witness disclosure, including Poort's expert witness report required under Federal Rule of Civil Procedure 26(a)(2)(B). Dkt. 30. On September 14, 2017, Defendants moved to exclude Poort's testimony. Dkt. 48. On September 25, 2017, Plaintiff responded. Dkt. 50. On September 29, 2017, Defendants replied. Dkt. 53.

Defendants move for exclusion on the basis that Poort's testimony is comprised of "legal analysis and legal opinions [that] are inadmissible, are not helpful to a trier of fact, and invade the province of the Court." Dkt. 48 at 10. The Court agrees.

Expert testimony is only admissible if it satisfies several criteria, including the requirement that it "is the product of reliable principles and methods." Fed. R. Evid.

702(c). "Thus, before admitting expert testimony, courts must make a 'preliminary assessment' of (1) whether the expert is qualified to present the opinion offered, (2) 'whether the reasoning or methodology underlying the testimony is . . . valid,' and (3) 'whether that reasoning or methodology properly can be applied to the facts in issue.'" *Lewert v. Boiron, Inc.*, 212 F. Supp. 3d 917, 924 (C.D. Cal. 2016) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). In order to facilitate the Court's gatekeeper function for such testimony, the Federal Rules of Civil Procedure require that expert disclosures be accompanied by a "detailed and complete written report, stating the testimony the witness is expected to present during direct examination, *together with the reasons therefor*." Fed. R. Civ. P. 26(a)(2) advisory committee's note (emphasis added).

Often, experts on police practices can provide helpful testimony without veering into improper legal opinions. *See Reed v. Lieurance*, 863 F.3d 1196, 1209 (9th Cir. 2017). Nonetheless, "[e]xpert testimony is not proper for issues of law," *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996), and Poort's report is replete with improper legal conclusions, as demonstarated by statements like the following:

1. "The 'white light' reported by Fuller after he was hit on the head, was driven by Hill's use of excessive force." Dkt. 30 at 7.

2. "I utilized all of the facts and data known to me, and applied generally accepted police legal principles." *Id.* 10.

3. "Danger created by Hill . . . at the point of their rush to enter into the private space occupied by Frank and his girlfriend, violated the officers' training, violated the law." *Id.* at 11.

4. "Officer created danger never justifies the extent of excessive force used on 5/27/2017 [sic] that critically injured Frank Fuller and inflicted extreme pain." *Id.*

5. "Fuller[']s attempts to obey the orders of Deputy Hill were met with increased violence that was unnecessary, inappropriate and excessive." *Id.* at 12.

While Poort cursorily opines that Deputy Hill acted with excessive force, violated his training, and failed to observe "KCSO policy and accepted police practices," the report fails to offer any explanation of what specific training or policies were purportedly violated by Deputy Hill's conduct. Nor does the report articulate any national standards or common policies against which Deputy Hill's use of force can be contrasted. Accordingly, even if Poort's report consisted of more than legal conclusions that invade the province of the Court, the report still fails to set forth any reasoning or methodology underlying its opinions.

Based on the foregoing, the Court cannot conclude that Poort's opinions are "the product of reliable principles and methods," Fed. R. Evid. 702(c), and Defendants' motion to exclude Poort's testimony (Dkt. 48) must be **GRANTED**.

**IT IS SO ORDERED**.

Dated this 30th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge